IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

**FILED**
JUN 1 3 1997
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| In Re Air Crash Disaster at Charlotte, North Carolina on July 2, 1994 | ) ) ) C/A No: 3:96-1117-17 |
| RICHARD DEMARY | ) ) |
| Plaintiff, | ) ) **ORDER ON MOTION TO** |
| v. | ) **RECONSIDER AMOUNT OF DAMAGES** |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

Presently before the court is plaintiff's motion to reconsider the amount of damages awarded in this matter. Oral argument was heard on this motion on May 1, 1997.

Plaintiff takes issue with two primary components of the court's earlier findings and conclusions. First, plaintiff argues that in awarding damages for economic losses, the court failed to consider certain evidence, most particularly evidence of admitted damages. Second, plaintiff argues that the compensation awarded for the emotional pain and suffering associated with his emotional injuries are inadequate in light of the court's factual findings.

The court rejects plaintiff's economic loss argument. Although the court may not have expressly addressed the evidence and concerns now raised by plaintiff in the original order, the court took all of the evidence into account in concluding that plaintiff had suffered total lifetime earning losses of a given percentage.

Plaintiff seems, in part, to rely on an argument which equates the court's finding that plaintiff has suffered a given percentage loss of lifetime earnings with a finding that plaintiff suffers

ENTERED & MAILED 19
6-17-97 GDH
cc: Moller, Orr, Coleman

a given percentage disability for life. The two are not necessarily related. Here, the court concluded that plaintiff's injuries will have differing impacts, on both employability and general life abilities, at different times in his life. The court's conclusion that plaintiff will suffer a certain percentage in loss of income over a lifetime is the result of an amalgamation of findings that plaintiff will or has suffered certain times of full disability, certain times of partial disability, and the possibility of full recovery during certain times but with residual effects on income due to earlier times of disability.

The court will, however, modify one element of the damages calculation, that being the damages awarded for emotional suffering. As the court noted in its original order, these damages were these most difficult to establish. The court had no doubt that plaintiff suffers and will continue to suffer very real emotional pain. The degree and duration of suffering in the future were, however, difficult to predict. The measure of damages to place on such suffering was, therefore, particularly difficult.

After careful reexamination, this court has determined that the original award for this element of damages (which included physical and emotional suffering) of $220,000 was inadequate and that it should be increased by $80,000 to $300,000. This will result in a total damages award of $649,821.42 rather than the $569,821.42 originally awarded.

One further matter requires comment. As counsel are aware, this court is familiar with the amount of many settlements resulting from this air disaster. At best, this information deserves only peripheral consideration as a check to insure the amounts awarded by the court were not wholly excessive or inadequate in light of the informed decisions of experienced counsel as to the value of various air disaster cases. This court has not, however, allowed the amounts of any settlements to

2

influence the present decision. There are simply too many factors influencing the value placed on any given case to rely on one for the value of another. Of these factors, one of the most significant is the tremendous variation in the form and degree of emotional suffering an individual may experience as a result of a tragedy of this magnitude.

    IT IS SO ORDERED

                                                Joseph F. Anderson, Jr.
                                                United States District Judge

June 13, 1997
Columbia, South Carolina